UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **CARMEN CIOFFI,** | : | |
| Plaintiff, | : | Civil Action No. 03-2254 (WJM) |
| v. | : | **OPINION** |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | HON. WILLIAM J. MARTINI |
| Defendant. | : | |

Agnes S. Wladyka
Abromson & Carey
10 Park Place
Newark, NJ 07102

   *(Attorneys for Plaintiff)*

Peter G. O'Malley
Office of the United States Attorney
970 Broad Street, Ste. 700
Newark, NJ 07102

   *(Attorneys for Defendant)*

**MARTINI, District Judge:**

I.   INTRODUCTION

Plaintiff Carmen Cioffi brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C § 405(g), to review the final determination of the Commissioner of Social Security ("Commissioner") which denied Plaintiff's petition for an

1

adjustment to his Retirement Insurance Benefits ("RIB").  There was no oral argument.  Fed. R. Civ. P. 78.  Defendant did not file any opposition papers in response to Plaintiff's brief.  On appeal, Plaintiff contends that the Commissioner erred in refusing to adjust Plaintiff's earnings record to allow upward adjustment of his RIB.

**II.  FACTUAL AND PROCEDURAL HISTORY**

Plaintiff is a male in his late-60s who operated a family restaurant and retired sometime around 1999.  Plaintiff filed his application for RIB on December 20, 1999.  On December 23, 1999, Plaintiff received an award notice granting him $859.00 in monthly benefit payments.  Claiming errors in his earnings record for the years 1985-1989, Plaintiff filed a Request for Reconsideration in response to which he received notice that his benefits would remain unchanged.  Plaintiff filed a request for a hearing, which was held on October 9, 2001.  On January 18, 2002, the ALJ issued his decision concluding that Plaintiff had been awarded the correct amount of benefits.

At issue in this case is whether Plaintiff should receive credit for income earned from 1985-1989, inclusive, in spite of his belated filing of income tax returns for those years.  There is no dispute that Plaintiff earned income and paid quarterly taxes on his earnings during the years in question.  (R. at 40-41.)  The record also shows that, for those years, Plaintiff's long-time accountant Mr. Rubinstein prepared income tax returns for him, which Plaintiff subsequently signed.  (R. at 14.)  Unfortunately, during this time, Rubinstein suffered from various health problems and, seemingly as a result, never filed Plaintiff's signed returns.  (*Id.*)  Plaintiff, who had a long-standing relationship with Rubinstein, allowed him to handle virtually all of his

finances. As a result, Plaintiff did not realize the error until after Rubinstein's death in 1992 when he went to Rubinstein's office and found the original signed returns.

Upon finding these returns, Plaintiff promptly filed them with the Internal Revenue Service along with an explanation for their untimeliness. (R. at 23-24.) The IRS accepted the late filing and credited Plaintiff for all penalties and interest that had accumulated until then. By the time Plaintiff submitted the returns, however, Plaintiff's earnings record as filed with the Commissioner of Social Security could not be updated because for each of the returns, the three year, three month, fifteen day limitations periods for compiling and correcting the record had passed. As a result, Plaintiff did not receive credit for income earned during these years when he applied for RIB, and according to Plaintiff, he now receives about two hundred dollars less in retirement benefits each month than he would otherwise. (Pl.'s Br. 3.)

### III.   STANDARD OF REVIEW

The district court exercises plenary review over the Commissioner's legal conclusions and is bound by the Commissioner's factual findings if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation omitted); *see also Woody v. Secretary of Health & Human Servs.*, 859 F.2d 1156, 1159 (3d Cir. 1988) (stating that substantial evidence is "more than a mere scintilla but may be less than a preponderance"). Thus, this Court's inquiry is whether the record, read in its entirety, yields such evidence as would

3

allow a reasonable mind to accept the conclusions reached by the Commissioner. "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

IV.     **DISCUSSION**

Under 42 U.S.C. § 405(c)(2)(A), the Commissioner maintains records of earnings for all individuals who report income. The Commissioner may, if a claimant brings them to her attention, correct any errors in the record so long as the correction is made within the limitations period of three years, three months, and fifteen days following the year at issue. 42 U.S.C. §§ 405(c)(1)(B), 405(c)(4). Once this time limitation has expired, the Commissioner's records are deemed conclusive and subject only to ten enumerated exceptions. 42 U.S.C. §§ 405(c)(4)(A), 405(c)(5).

During the hearing before the ALJ, Plaintiff argued that his case fell within the exception allowing for corrections of "mechanical, clerical, or obvious error[s]." (R. at 31.) The ALJ interpreted Plaintiff's motion as requesting an exception under 42 U.S.C. § 405(c)(5)(C), which allows the Commissioner to change earnings records "to correct errors apparent on the face of such records." The ALJ rejected this argument, however, on the grounds that Plaintiff's was not a case of "facial error" as contemplated by the statute. (R. at 15.) He reasoned that since Plaintiff never filed any returns within the limitations periods for each year, the error was not one that could be "identified and corrected without going beyond any of the pertinent [Social Security Administration] records," as required. (R. at 15); *see also* 20 C.F.R. § 404.822. For these same reasons, this Court agrees that this exception does not apply.

4

Plaintiff now asks this Court for a correction of his earnings record on the basis of a second exception:

> "To add self-employment income only if it is established that a self-employment tax return was filed within the time limitation for the earnings record, but the earnings record lacks any record of self-employment, or the amount posted is lower than the timely tax return establishes." (Pl.'s Br. 6.)

Because Plaintiff did not raise this argument before the ALJ, this Court declines to address it now. *Dir., Office of Workers' Comp. Programs v. N. Am. Coal Corp.*, 626 F.2d 1137, 1143 (3d Cir. 1980).

Finally, Plaintiff asks this Court to exercise its equitable jurisdiction and toll the limitations period so that Plaintiff's earnings record may be updated. This Court has the power to grant Plaintiff equitable relief in this case should it find it proper to do so. *Bowen v. City of New York*, 476 U.S. 467 (1986); *Smith v. Shalala*, 910 F. Supp. 152 (D.N.J. 1995). This Court notes that equitable tolling is only appropriate where the equities in favor of tolling are "so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480 (citing *Matthews v. Eldridge*, 424 U.S. 319, 330 (1976)). For the reasons discussed below, we find tolling appropriate in the instant case.

Here, the ALJ found credible Plaintiff's claim that Rubinstein's negligence, rather than Plaintiff's own, was to blame for the late filings. (R. at 15.) The ALJ also found that "claimant had no reason to question Mr. Rubinstein" given their long-standing relationship, (R. at 15-16), and there is no evidence in the record to suggest that Plaintiff knew or had reason to know prior to 1992 that the returns had not been filed. Further, as the record demonstrates, as soon as Plaintiff discovered the error, he promptly took corrective action and submitted the unfiled

returns, whereupon the IRS credited him for all penalties assessed and interest incurred. (R. at 16.) There are no allegations of intentional wrongdoing or fraud on Plaintiff's part, and in fact, the record shows that he was entitled to a refund for at least some of the years in question.[1] (R. at 106, 121.) Based on these circumstances, this Court finds that this case is sufficiently compelling to warrant equitable tolling of the time limitations periods for each of the years in question. The limitations periods for each of the years in question is thus tolled from the time they would have started to run absent the mistake until Plaintiff discovered the unfiled returns in 1992. Plaintiff's earning record and RIB shall be adjusted accordingly.[2]

V.   CONCLUSION

    The decision of the Commissioner is reversed. An accompanying Order is attached.


s/ William J. Martini
_____

**WILLIAM J. MARTINI, U.S.D.J.**

Original:   Clerk of the Court
Cc:         File
            All Parties

---

[1] Because of the untimely filing, Plaintiff forfeited his rights to claim these refunds, which appear to be in excess of $15,000. (R. at 106, 121.)

[2] This Court also notes that the ALJ was strictly confined in his decisionmaking to applying only those exceptions enumerated in the statute at issue. Because the ALJ rightly found that none applied to Plaintiff's case, and because he did not have the power to grant equitable relief, this Court finds that the administrative decision below was in fact correct. However, and as the ALJ noted in his decision, this Court is not similarly constrained. (R. at 16.)