## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| **CARMEN CIOFFI,** | : | |
| | : | |
| Plaintiff, | : | **Civil Action No. 03-2254 (WJM)** |
| | : | |
| | : | |
| **v.** | : | <u>**OPINION**</u> |
| | : | |
| **COMMISSIONER OF SOCIAL** | : | **HON. WILLIAM J. MARTINI** |
| **SECURITY,** | : | |
| Defendant. | : | |

---

Agnes S. Wladyka
Abromson & Carey
10 Park Place
Newark, NJ 07102

*(Attorneys for Plaintiff)*

Peter G. O'Malley
Office of the United States Attorney
970 Broad Street, Ste. 700
Newark, NJ 07102

*(Attorneys for Defendant)*


**MARTINI, District Judge:**


## I.      INTRODUCTION

This matter comes before the Court on a motion for attorney's fees pursuant to the Equal

Access to Justice Act ("EAJA"), 42 U.S.C. § 2412(d) (2000), filed by counsel for Plaintiff

Carmen Cioffi.  This Court heard oral arguments on December 20, 2005.  For the following reasons, the motion is **GRANTED**.

## II.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff originally brought this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C § 405(g), to review the final determination of the Commissioner of Social Security ("Commissioner") which denied Plaintiff's petition for an adjustment to his Retirement Insurance Benefits ("RIB").  On November 7, 2005, the Court found in favor of Plaintiff and reversed and remanded for an adjustment of Plaintiff's RIB benefits consistent with the Court's Opinion.  On November 9, 2005, Plaintiff's counsel moved for attorney's fees pursuant to the EAJA.  On December 13, 2005, Defendant filed an untimely opposition to Plaintiff's motion.

## III.      STANDARD OF REVIEW

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  42 U.S.C. § 2412(d)(1)(A).  Under the Third Circuit's interpretation of this act, attorney's fees are mandatory for a prevailing party unless the United States can make a showing of substantial justification or special circumstances.  *Natural Res. Def. Council, Inc. v. U.S. Envtl. Prot. Agency*, 703 F.2d 700, 713 (3d Cir. 1983)

Along these lines, the only issue before this Court in the instant case is whether the government had "substantial justification" for its position. The government's position may be deemed substantially justified "if it has a reasonable basis in both law and fact." *Hanover Potato Products, Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993). The government bears the burden of establishing that there is substantial justification for its position. *Id*. at 128. In order to do so, the government must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis *in law* for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *Id*.

## IV.    DISCUSSION

In its late submission to this Court, Defendant has argued that an award of attorney's fees is not appropriate in this case because its position in the underlying proceedings was substantially justified. The Court disagrees.

During the entire time Plaintiff's brief was before this Court, approximately fifteen months, Defendant failed to advance a single argument in support of its position despite numerous requests by both Plaintiff and this Court for it to do so. Nor did Defendant attempt to concede its case and stipulate as to Plaintiff's requested RIB adjustment. In contravention to the requirements established in Hanover, Defendant alleged no facts nor did it propound any theory of law. In short, this Court finds that, because Defendant failed to make any submissions to this Court whatsoever, Defendant has failed to provide a basis upon which this Court might ascertain whether Defendant's litigation stance was substantially justified. *See Thornton v. Bowen*, 639 F.

3

Supp. 154 (E.D.N.C. 1986) (holding that Defendant's failure to respond to Plaintiff's submissions prevented Court from finding substantial justification for Defendant's position).

Furthermore, this Court notes its finding of unreasonableness in the delay caused by Defendant's unexplained prolongation of this litigation.  Despite Defendant's continued failure to respond to Plaintiff's underlying petition, out of deference to Defendant as a governmental body, this Court delayed in making a ruling on Plaintiff's petition for well over one year.  It made its final determination only when it became sufficiently clear that Defendant would not respond to Plaintiff's submissions.  This delay caused Plaintiff to wait extensively to receive benefits to which he was entitled.  It also wasted this Court's time and resources.  Had Defendant simply proffered its arguments before this Court or conceded its case, such delay would never have occurred.  Defendant has never explained or provided any justification, whether legal or factual, for this litigation behavior.

Finally, this Court rejects the suggestion, as set forth in Defendant's opposition, that Defendant intended to rely on the reasoning advanced by the ALJ in the administrative hearing conducted below for the purposes of the litigation before this Court.  Defendant suggests that, because this Court overturned the ALJ's decision on the basis of equitable rather than legal principles, the ALJ's, and hence Defendant's, legal position was substantially justified.  (Def's Br. 2.)  However, Defendant neither affirmatively indicated its reliance upon the administrative decision, nor advanced a single argument in support of that decision at any point before this Court.  If Defendant did indeed intend to rely on the reasoning of the ALJ, it should have specified as much.  This Court rejects the idea that a lack of a response is tantamount to reliance

4

on the ALJ's determinations.[1]  It also concludes that Defendant is precluded from making such substantive assertions at this juncture given that Defendant had more than ample time in which to put forth such arguments earlier.  Defendant cannot now seek to defend its case after over a year of complete inactivity on its part and after judgment has been entered for Plaintiff.

In light of the above, this Court finds that Defendant has not met its burden of demonstrating that its position was substantially justified, and that Plaintiff is entitled to an award of attorney's fees.

## V.    AWARD

As indicated in her supporting affidavit, counsel for Plaintiff seeks to recover fees for 28.1 hours of services rendered in connection with Plaintiff's action.  The EAJA provides that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  42 U.S.C. § 2412(d)(2)(A). Plaintiff's counsel points out that, since the statutory wage rate went into effect March 2,1996, the average cost of living through June 1995 increased by an average of 22% based on the U.S. Department of Labor's Consumer Price Index for the New Jersey Area.  (Wladyka Certification 2.)  Given this Court's statutory authority to grant cost of living increases, and given the statute's purpose of discouraging agencies from prolonging litigation, this Court grants Plaintiff's

---

[1] This reasoning applies with equal force to any suggestion that Defendant's decision not to oppose Plaintiff's brief demonstrated conciliation meriting a finding of reasonableness.  If Defendant intended to take a conciliatory approach to this litigation, it alone bore the responsibility of making that position clear.  *See Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1086 (2d Cir. 1983) ("[I]t is incumbent upon the government to abandon its opposition to the other party as soon as it becomes apparent that its litigation stance is not substantially justified.").  It did not do so.

counsel's request.  *See Natural Resources Defense Council, Inc. v. U.S. Environmental Protection Agency*, 703 F.2d 700, 713 (3d Cir. 1983) ("The purpose of the statute was to encourage challenges to agency action, and the cost of living adjustment provision seems designed to provide a disincentive to agencies to prolong the litigation process.").[2]  This Court thus finds that Plaintiff's counsel is entitled to attorney's fees at a rate of $152.50 per hour and awards fees in the amount of $4285.25.

## VI. CONCLUSION

In sum, the motion for attorney's fees is **GRANTED**.  An appropriate Order accompanies this Opinion.

s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

---

[2] This Court finds the policy particularly applicable in this case, where Defendant's dilatory tactics continued throughout this litigation, most recently with its filing an opposition brief to Plaintiff's latest motion well beyond the deadline.